JOURNAL ENTRY AND OPINION
This cause came to be heard upon the accelerated calender pursuant to App.R. 11.1 and Loc.R. 11.1.
Defendant-appellant herein, Ricky Rollins appeals from the trial court's decision overruling his motion to suppress the results of a blood alcohol test administered to him. For the reasons adduced below, we affirm the ruling of the trial court.
On August 11, 2000, appellant was involved in a serious motor vehicle accident in the vicinity of East 55th Street and Chester Avenue. As a result of the accident, appellant sustained neck and back injuries and received treatment from EMS. An EMS crew member testified that an IV was inserted and, as part of that procedure, blood was drawn from the appellant. Subsequent testing on the sample showed that the appellant's BAC was above the legal limit. The EMS technician also testified that the appellant smelled of alcohol and admitted during transport that he had been drinking and smoking "primo," a combination of crack cocaine and marijuana. Appellant was transported to Huron Road Hospital for treatment of his injuries.
While at the hospital, the appellant was charged with violations of Cleveland Codified Ordinance 433.01(a)(2), operating a motor vehicle under the influence of alcohol and C.C.O. 435.01(A), operating a motor vehicle without an operator's license. The officer who issued the citations testified at the suppression hearing that the appellant was not arrested at the time that he was cited because he was told by the medical personnel that the appellant required additional treatment, including x-rays.
On August 25, 2000, appellant entered pleas of not guilty to both charges. On January 11, 2001, the trial court held an evidentiary hearing on the appellant's motion to suppress the results of the blood test. Subsequent to the hearing the trial court denied the motion.
On February 16, 2001, appellant withdrew his not guilty pleas and entered pleas of no contest to both charges. The trial court found the appellant guilty and sentenced him to a total of 30 days in jail and a $350 fine. The trial court granted a stay of sentence pending appeal.
The appellant timely filed the within appeal containing a total of three assignments of error. The first two assignments of error, having a common basis in law and fact, will be addressed concurrently in this opinion. Assignments of error one and two state:
 I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS THE RESULTS OF THE BLOOD ALCOHOL TEST WHEN THE TEST WAS ADMINISTERED BY EMS OFFICIALS IN THE COURSE OF TREATMENT AT A TIME WHEN THE APPELLANT WAS NOT UNDER ARREST AND WHEN SAID TEST WAS NOT GIVEN AT THE DIRECTION OF A LAW ENFORCEMENT OFFICER; AND, WHEN APPELLANT WAS CONSCIOUS AND ABLE TO REFUSE THE TEST.
 II. THE TRIAL COURT ERRED IN FAILING TO SUPPRESS THE RESULTS OF A BLOOD ALCOHOL TEST WHEN SUCH TEST WAS TAKEN FOR TREATMENT PURPOSES AND WHEN ANY VICTIM OF A CAR ACCIDENT HAS A REASONABLE EXPECTATION OF PRIVACY IN THESE MEDICAL RECORDS; AN ACCIDENT VICTIM'S PRIVACY INTERESTS (SIC) OUTWEIGH THE STATE'S RIGHT TO KNOW OR HAVE ACCESS TO THAT INFORMATION PARTICULARLY WHEN THE STATE HAS NOT EVEN MADE PROBABLE CAUSE TO ARREST THIS ACCIDENT VICTIM FOR DUI.
In these assignments of error the appellant asserts that the results of the blood alcohol test should have been suppressed because R.C.2317.02(B)(2)(a) determines whether a physician's testimony concerning the results of a hospital blood alcohol test is admissible. R.C.2317.02(B)(2)(a) does not govern the admissibility of the results of a blood alcohol test, it merely provides the procedural requirements necessary for law enforcement officers to obtain copies of the results of such a test from a health care provider. These procedural requirements function, among other things, to protect the health care provider from potential civil liability arising out of the release of arguably privileged information. The statute does not afford due process protections to criminal defendants who are suspected of drunk driving or other criminal activity.
In this case, the health care provider in question may have chosen to relinquish the test results without first receiving a written statement from the investigating officers. There is nothing in the language of R.C. 2317.02(B)(2)(a) which prohibits a health care provider from releasing these test results without the benefit of a written request if it chooses to do so and where the circumstances are such that the records are clearly not protected by a physician-patient privilege.
In State v. Webb (1994), 70 Ohio St.3d 325, 334-335, the Supreme Court discussed the nature and origins of the physician-patient privilege and its application to hospital records:
 However, error involving privilege is not a constitutional violation. In the first place, the privilege is not a requirement of due process. Privileges do not make trial more fair; they neither "facilitate the fact-finding process" nor "safeguard its integrity." 1 McCormick on Evidence (4 Ed. 1992) 269, Section 72. Rather, they protect "principle[s] or relationship[s] * * * that society deems worthy of preserving and fostering," even at some cost to the court's truth-finding function. Lily, Introduction to the Law of Evidence (2 Ed. 1987) 381, Section 9.1. But, cf., State v. Rahman (1986), 23 Ohio St.3d 146, 150, 23 Ohio B.Rep. 315, 319, 492 N.E.2d 401, 406-407.
In State v. Slageter (Mar. 31, 2000), Hamilton App. No. C-990584, the court held that the law enforcement agency in question fully complied with R.C. 2317.02(B)(2)(a) even though the medical records showing that the defendant was intoxicated were not requested until several days after the accident. In that case the defendant was also not under arrest at the time that the test was administered and was not even suspected of criminal activity until several days after his release.
The fact that the investigating officers in this case did not initially submit a written statement to the pertinent health care provider stating that a criminal investigation had been commenced against the appellant is of no consequence. At the time that the appellant's medical records were released to the investigating officers, any physician-patient privilege had already been waived per the terms of R.C. 2317.02(B)(1)(c). The written request did not need to be made on the night of the accident, and, indeed, could have been made at any time during the investigation up until trial.
R.C. 2317.02(B)(1) states:
 The testimonial privilege established under this division does not apply, and a physician or a dentist may testify or be compelled to testify, in any of the following circumstances:
* * *
 (c) In any criminal action concerning any test or the results of any test that determines the presence or concentration of alcohol, a drug of abuse, or alcohol and a drug of abuse in a patient's blood, breath, urine, or other bodily substances at any time relevant to the criminal offense in question.
Thus, it is evident that the physician-patient privilege is waived concerning any blood alcohol test which is relevant to a criminal offense. See State v. Slageter, supra; City of Middletown v. Newton
(1998), 125 Ohio App.3d 540. This waiver is not predicated upon strict compliance by law enforcement officials and health care providers with the procedural regulations of R.C. 2317.02(B)(2)(a).
The appellant asks that this court find error in the trial court's finding that the results of the blood test were requested by the investigating officers as allegedly neither officer testified to making such a request and the record does not contain evidence of a written request. In fact, the record shows that on October 14, 2000, a subpoenaduces tecum was issued to the Medical Records Department at Huron Road Hospital instructing the custodian of the records to appear for trial on November 2, 2000 and to bring "certified copies of Ricky Rollins' blood-alcohol content in c/w DUI arrest." The subpoena listed the name of the assistant prosecutor assigned to the case.
The statute states that a health care provider must produce records of a blood alcohol test whenever "any law enforcement officer submits a written statement to a health care provider that states that * * * a criminal action or proceeding has been commenced against a specific person." R.C. 2901.01 specifically defines a "law enforcement officer" to include "[a] prosecuting attorney, assistant prosecuting attorney, * * * or municipal prosecutor." Accordingly, the appellee fully complied with the statute prior to the appellant's trial and prior to the hearing on the motion to suppress. Thus, regardless of whether the test results were verbally requested by the investigating officers on the day of the accident, as was found by the trial court in its findings of fact, the trial court's refusal to suppress the results as evidence was legally correct.
Even if we are to assume that no written or verbal request was ever made and the hospital turned over the results of the test on its own initiative, the appellant would not be entitled to have the results suppressed as they were not privileged medical records. The statute does not mandate that a written request be made before such test results can be released, it merely mandates that such test results must be released when a proper request is made. This distinction is obviously relevant in the instant case.
Accordingly, for all of the above reasons, assignments of error one and two are hereby overruled.
The appellant's third assignment of error states:
 III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO STATE ITS FACTUAL FINDINGS ON THE RECORD PURSUANT TO THE MOTION TO SUPPRESS EVIDENCE PARTICULARLY WHEN A REQUEST FOR A FINDINGS OF FACTS (SIC) AND CONCLUSIONS OF LAW MOTION WAS FILED WITH THAT TRIAL COURT.
The trial court filed its findings of fact and conclusions of law on April 18, 2001. Accordingly, this assignment of error is moot.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., CONCURS.
COLLEEN CONWAY COONEY, J., DISSENTS WITH SEPARATE DISSENTING OPINION.